**STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.**

| 1 | Valuation of Security | 0 | Assumption of Executory Contract or Unexpired Lease | 1 | Lien Avoidance |

**Last revised: September 1, 2018**

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW JERSEY

In Re:  
ANTHONY & MAUREEN ZADZIELSKI

Case No.: 18-21765  
Judge: CMG

Debtor(s)

## Chapter 13 Plan and Motions

☐ Original    ☒ Modified/Notice Required    Date: 9/29/18  
☐ Motions Included    ☐ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

**The following matters may be of particular importance. Debtors must check one box on each line to state whether the plan includes each of the following items. If an item is checked as "Does Not" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

THIS PLAN:

☐ DOES ☒ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☒ DOES ☐ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☒ DOES ☐ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney: /s/ SJA    Initial Debtor: /s/ AZ    Initial Co-Debtor: /s/ MZ

**Part 1:    Payment and Length of Plan**

a. The debtor shall pay $ _1095_ per _____ month to the Chapter 13 Trustee, starting on _____7/1/18_____ for approximately ____3____ months.
*and $  1141       per month starting 10/1/18 for fifty-seven (57) months*

b. The debtor shall make plan payments to the Trustee from the following sources:

☒    Future earnings

☐    Other sources of funding (describe source, amount and date when funds are available):

c. Use of real property to satisfy plan obligations:

☐ Sale of real property
Description:
Proposed date for completion: _____

☐ Refinance of real property:
Description:
Proposed date for completion: _____

☐ Loan modification with respect to mortgage encumbering property:
Description:
Proposed date for completion: _____

d. ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. ☐ Other information that may be important relating to the payment and length of plan:

**Part 2:    Adequate Protection ☒ NONE**

      a.  Adequate protection payments will be made in the amount of $ _____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).

      b.  Adequate protection payments will be made in the amount of $ _____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: _____ (creditor).

**Part 3:    Priority Claims (Including Administrative Expenses)**

    a.    All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
| --- | --- | --- |
| CHAPTER 13 STANDING TRUSTEE | ADMINISTRATIVE | AS ALLOWED BY STATUTE |
| ATTORNEY FEE BALANCE | ADMINISTRATIVE | BALANCE DUE: $ 1870 *(subject to Supp Fee App)* |
| DOMESTIC SUPPORT OBLIGATION | PRIORITY | |
| INTERNAL REVENUE SERVICE | PRIORITY | $ 4,476 |

    b.    Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount: Check one:

☒ None

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
| --- | --- | --- | --- |
| | Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount. | | |

**Part 4:    Secured Claims**

a. **Curing Default and Maintaining Payments on Principal Residence:** ☐ **NONE**

　　The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| Mid First Bank | Residence | $ 55,153 | n/a | $ 55,153 | $   2,151 |

b. **Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears:** ☒ **NONE**

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

c. **Secured claims excluded from 11 U.S.C. 506:** ☒ **NONE**

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
|  |  |  |  |  |

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments**  ☐ **NONE**

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this Section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid |
|---|---|---|---|---|---|---|---|
| New Century Financial | Residence | $ 3,612.47 | $ 226,700 | $ 246,108 | -0- | n/a | -0- |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender** ☒ **NONE**

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
|  |  |  |  |

**f. Secured Claims Unaffected by the Plan** ☐ **NONE**

   The following secured claims are unaffected by the Plan:

   Lakeview Loan Servicing

**g. Secured Claims to be Paid in Full Through the Plan**: ☒ **NONE**

| Creditor | Collateral | Total Amount to be Paid Through the Plan |
|---|---|---|
|  |  |  |

## Part 5:    Unsecured Claims ☐ NONE

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

   ☐ Not less than $ _____ to be distributed *pro rata*

   ☐ Not less than _____ percent

   ☒ *Pro Rata* distribution from any remaining funds

b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
|  |  |  |  |

**Part 6:    Executory Contracts and Unexpired Leases  ☒ NONE**

(NOTE:  See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
|  |  |  |  |  |

**Part 7:    Motions  ☒ NONE**

**NOTE:  All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal*, within the time and in the manner set forth in D.N.J. LBR 3015-1. A *Certification of Service*, *Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.**

a.  Motion to Avoid Liens Under 11. U.S.C. Section 522(f).   ☒ **NONE**

The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

**b. Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.** ☐ **NONE**

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
| New Century Financial | Residence - Judgment Creditor | $ 3612 | $ 226,700 | $ 246,108 | -0- | $ 3612 or full amount of line to be stripped off to zero and be deemed GUC |

**c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ☒ **NONE**

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

## Part 8:    Other Plan Provisions

**a. Vesting of Property of the Estate**

☒    Upon confirmation

☐    Upon discharge

**b. Payment Notices**

Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

**c. Order of Distribution**

The Standing Trustee shall pay allowed claims in the following order:

1) Ch. 13 Standing Trustee commissions
2) Administrative Claims
3) Priority Debts
4) Secured Claims        5) GUC

**d. Post-Petition Claims**

The Standing Trustee ☒ is, ☐ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

## Part 9:    Modification ☐ NONE

If this Plan modifies a Plan previously filed in this case, complete the information below.

Date of Plan being modified: 6/23/18                          .

| Explain below **why** the plan is being modified:<br>Priority POC filed by IRS<br>Secured POC filed by New Century | Explain below **how** the plan is being modified:<br><br>3a: Priority Claim by IRS paid in full<br>4d:  Secured claim by New Century crammed down to zero and treated as GUC |
|---|---|

Are Schedules I and J being filed simultaneously with this Modified Plan?      ☐ Yes      ☒ No

## Part 10:    Non-Standard Provision(s): Signatures Required

Non-Standard Provisions Requiring Separate Signatures:

☒ NONE

☐ Explain here:

Any non-standard provisions placed elsewhere in this plan are ineffective.

**Signatures**

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

By signing and filing this document, the debtor(s), if not represented by an attorney, or the attorney for the debtor(s) certify that the wording and order of the provisions in this Chapter 13 Plan are identical to Local Form, *Chapter 13 Plan and Motions*, other than any non-standard provisions included in Part 10.

I certify under penalty of perjury that the above is true.

Date: 9/29/18                                         /s/ Anthony Zadzielski
                                                       Debtor

Date: 9/29/18                                         /s/ Maureen Zadzielski
                                                       Joint Debtor

Date: 9/29/18                                         /s/ Steven J Abelson
                                                       Attorney for Debtor(s)

United States Bankruptcy Court
District of New Jersey

In re:                                                                                      Case No. 18-21765-CMG
Anthony G. Zadzielski                                                                       Chapter 13
Maureen Zadzielski
    Debtors

# CERTIFICATE OF NOTICE

District/off: 0312-3          User: admin              Page 1 of 2              Date Rcvd: Oct 04, 2018
                              Form ID: pdf901          Total Noticed: 45

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Oct 06, 2018.
```
db/jdb         +Anthony G. Zadzielski,    Maureen Zadzielski,    121 Greenwood Lake Road,
                 Little Egg Harbor, NJ 08087-3705
517583755      +Attorney General of the United States,    Department of Justice,
                 Constitution Ave and 10th St. NW,    Washington, DC 20530-0001
517583756      +Barron Emergency Physicians,    PO Box 7418,   Philadelphia, PA 19101-7418
517583758      +Commonweatlh Financial Systems,    245 Main Street,    Dickson City, PA 18519-1641
517583759      +Convergent Outsourcing,    800 SW 39th Street,    P.O. Box 9004,   Renton, WA 98057-9004
517583761     ++DIRECTV LLC,    ATTN BANKRUPTCIES,    PO BOX 6550,    GREENWOOD VILLAGE CO 80155-6550
               (address filed with court: DirecTV,    P.O. Box 6550,    Greenwood Village, CO 80155)
517583760      +DeMarco Family Dental,   c/o IC Systems,    P.O. Box 64378,   Saint Paul, MN 55164-0378
517583762      +ER Solutions,   800 SW 39th St,    Renton, WA 98057-4975
517583767      +Household Bank,    P.O. Box 80084,    Salinas, CA 93912-0084
517583770      +Labcorp,   P.O. Box 2240,   Burlington, NC 27216-2240
517583772     #+Malcolm S. Gerald and Associates,    332 S. Michigan Ave, Ste 600,    Chicago, IL 60604-4318
517583773      +Medical Associates of Ocean,    1301 Rte 72 West, Ste 300,    Manahawkin, NJ 08050-2483
517583774      +Medical Payment Data,    2150 15th Avenue,    Vero Beach, FL 32960-3436
517707262      +MidFirst Bank,    999 NorthWest Grand Boulevard,    Oklahoma City, OK 73118-6051
517583775      +Midland Mortgage,    P.O. Box 268806,    Oklahoma City, OK 73126-8806
517637294      +New Century Financial Services, Inc.,    c/o Pressler, Felt & Warshaw,LLP.,    7 Entin Road,
                 Parsippany NJ 07054-5020
517583781      +Pressler & Pressler,    7 Entin Road,    Parsippany, NJ 07054-5020
517583782      +Providian Financial,    P.O. Box 660490,    Dallas, TX 75266-0490
517583783      +Quality Asset Recovery,    7 Foster Avenue Ste 101,    Gibbsboro, NJ 08026-1191
517583784      +Radiology Physicians at Comm,    c/o Apex Asset Management,    2501 Oregon Pike, Ste 102,
                 P.O. Box 5407,    Lancaster, PA 17606-5407
517583786      +SOCH,   1140 Rte 72 West,    Manahawkin, NJ 08050-2412
517583787      +Sprint,   8014 Bayberry Rd,    Jacksonville, FL 32256-7412
517583788      +TD /Commerce Bank,    Recovery Dept,    P.O. Box 9547,   Portland, ME 04112-9547
517583789      +Tiny Tots Daycare,    105 Kosciusko Way,    Little Egg Harbor, NJ 08087-1777
517583791      +W. Darrell Landry,   c/o Howard W. Smith, Esq,    1570 White Horse Road,    P.O. Box 9972,
                 Trenton, NJ 08650-2972
517583792     #+Zucker, Goldberg & Ackerman,    200 Sheffield St, Ste 101,    Mountainside, NJ 07092-2315

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg             E-mail/Text: usanj.njbankr@usdoj.gov Oct 04 2018 22:02:49     U.S. Attorney,    970 Broad St.,
                 Room 502,   Rodino Federal Bldg.,    Newark, NJ 07102-2534
smg            +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Oct 04 2018 22:02:48     United States Trustee,
                 Office of the United States Trustee,    1085 Raymond Blvd.,   One Newark Center,    Suite 2100,
                 Newark, NJ 07102-5235
517583754      +E-mail/Text: bkrpt@retrievalmasters.com Oct 04 2018 22:02:47     AMCA,
                 4 Westchester Plaza, Ste 110,    Elmsford, NY 10523-1615
517701960       E-mail/PDF: resurgentbknotifications@resurgent.com Oct 04 2018 22:03:09
                 Ashley Funding Services, LLC its successors and,    assigns as assignee of Laboratory,
                 Corporation of America Holdings,    Resurgent Capital Services,    PO Box 10587,
                 Greenville, SC 29603-0587
517660210       E-mail/PDF: resurgentbknotifications@resurgent.com Oct 04 2018 22:03:18
                 Ashley Funding Services, LLC its successors and,    assigns as assignee of Reimbursement,
                 Technologies, Inc.,    Resurgent Capital Services,    PO Box 10587,   Greenville, SC 29603-0587
517583757      +E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Oct 04 2018 22:03:28     Capital One,
                 Bankruptcy Dept,    P.O. Box 30273,   Salt Lake City, UT 84130-0273
517696209      +E-mail/PDF: EBN_AIS@AMERICANINFOSOURCE.COM Oct 04 2018 22:15:08     Directv, LLC,
                 by American InfoSource as agent,    4515 N Santa Fe Ave,   Oklahoma City, OK 73118-7901
517583763      +E-mail/Text: kmorgan@morganlaw.com Oct 04 2018 22:02:57     Fairlane Credit,
                 c/o Morgan, Bornstein & Morgan,    1236 Brace Road Ste K,   Cherry Hill, NJ 08034-3229
517583765      +E-mail/Text: csr@theaffiliatedgroup.com Oct 04 2018 22:02:58     Herff-Jones Delmar,
                 c/o The Affiliated Group,    3055 41st St NW, Ste 106,   Rochester, MN 55901-7957
517583768      +E-mail/Text: cio.bncmail@irs.gov Oct 04 2018 22:02:42     Internal Revenue Service,
                 P.O. Box 7346,    Philadelphia, PA 19101-7346
517583771      +E-mail/PDF: resurgentbknotifications@resurgent.com Oct 04 2018 22:14:59     LVNV Funding,
                 P.O. Box 10497,    Greenville, SC 29603-0497
517657988      +E-mail/Text: bankruptcydpt@mcmcg.com Oct 04 2018 22:02:48
                 Midland Credit Management, Inc. as agent for,    Asset Acceptance LLC,    Po Box 2036,
                 Warren MI 48090-2036
517583777      +E-mail/Text: bankruptcydepartment@tsico.com Oct 04 2018 22:02:56     NCO Financial Systems,
                 2135 E. Primrose, Ste Q,    Springfield, MO 65804-4598
517583778      +E-mail/PDF: bankruptcy@ncfsi.com Oct 04 2018 22:03:09     New Century Financial,
                 110 South Jefferson, Ste 104,    Whippany, NJ 07981-1038
517583779      +E-mail/Text: ebn@vativrecovery.com Oct 04 2018 22:02:44     Palisades Collection,
                 210 Sylvan Avenue #1,    Englewood Cliffs, NJ 07632-2510
517583780      +E-mail/PDF: resurgentbknotifications@resurgent.com Oct 04 2018 22:03:19
                 Pinnacle Credit Services,    P.O. Box 640,   Hopkins, MN 55343-0640
517664800       E-mail/Text: bnc-quantum@quantum3group.com Oct 04 2018 22:02:45
                 Quantum3 Group LLC as agent for,    CF Medical LLC,   PO Box 788,    Kirkland, WA  98083-0788
```

```
District/off: 0312-3          User: admin               Page 2 of 2                   Date Rcvd: Oct 04, 2018
                              Form ID: pdf901           Total Noticed: 45
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center (continued)
```
517588465         E-mail/Text: bnc-quantum@quantum3group.com Oct 04 2018 22:02:45
                  Quantum3 Group LLC as agent for,    CP Medical LLC,    PO Box 788,    Kirkland, WA  98083-0788
517583790        +E-mail/Text: usanj.njbankr@usdoj.gov Oct 04 2018 22:02:49      United States Attorney,
                  For Internal Revenue Service),   970 Broad Street, 5th Floor,    Newark, NJ 07102-2527
                                                                                              TOTAL: 19

             ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
517583769*       +Internal Revenue Service (SP),    Special Procedures,    200 Sheffield Street,
                  Mountainside, NJ 07092-2314
517583753       ##+ACB Receivables Management,    19 Main Street,    Asbury Park, NJ 07712-7012
517583764       ##+Fulton Friedman & Gullace,   P.O. Box 2123,    Warren, MI 48090-2123
517583766       ##Hospital Group of South Jersey,    P.O. Box 42330,    Philadelphia, PA 19101
517583776       ##+National Credit Solution,    3680 E I-240 Service Road,    Oklahoma City, OK 73135-1737
517583785       ##+RJM Acquisitions,    575 Underhill Blvd, Ste 224,    Syosset, NY 11791-3416
                                                                                 TOTALS: 0, * 1, ## 5
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update. While the notice was still deliverable, the notice recipient was advised to update its address with the court immediately.

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable. Notices will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed. The debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 06, 2018                                 Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on October 1, 2018 at the address(es) listed below:
```
              Albert   Russo    docs@russotrustee.com
              Denise E. Carlon    on behalf of Creditor    MIDFIRST BANK dcarlon@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              Steven J. Abelson    on behalf of Debtor Anthony G. Zadzielski sjaesq@atrbklaw.com,
               atrbk1@gmail.com;r49787@notify.bestcase.com
              Steven J. Abelson    on behalf of Joint Debtor Maureen  Zadzielski sjaesq@atrbklaw.com,
               atrbk1@gmail.com;r49787@notify.bestcase.com
              U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov
                                                                                             TOTAL: 5
```